JOSEPH J. MINIOZA, SBN 197379
JESSE A. BOYD, SBN 254894
ERICKSEN ARBUTHNOT
2300 Clayton Road, Suite 350
Concord, California 94520
Telephone: (510) 832-7770
Facsimile: (510) 832-0102
jminioza@ericksenarbuthnot.com
jboyd@ericsenarbuthnot.com

Attorneys for Defendant,
ARTECH, L.L.C.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIGID POLING, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>    Plaintiff,<br><br>vs.<br><br>ARTECH L.L.C.,<br><br>    Defendants. | Case No.: 3:20-cv-07630-LB<br><br>**SUPPLEMENTAL NOTICE AND FILING OF SETTLEMENT AGREEMENT AND RELEASE** |

Defendant Artech, L.L.C. ("Defendant") hereby gives supplemental notice of Conditional Settlement in the above-captioned matter pursuant to the Settlement Agreement and Release attached as Exhibit 1 and filed herewith.

Respectfully submitted,

DATED:  October 25, 2021          **ERICKSEN ARBUTHNOT**

By:     /s/ Jesse A. Boyd
          Jesse A. Boyd
          jboyd@ericsenarbuthnot.com
          *Attorneys Specially-Appearing for Defendant*
          *Artech L.L.C.*

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into by and between Brigid Poling and Dwight Jenkins, on behalf of themselves and those similarly situated (together "Plaintiffs"), and Artech, L.L.C., ("Defendant" or "Artech") (individually referred to as "Party," collectively the "Parties"), in the action *Poling et al. v. Artech, L.L.C.,* Case No. 3:20-cv-07630 currently pending in the U.S. District Court for the Northern District of California.

## RECITALS

WHEREAS, beginning on January 5, 2020 and lasting until January 8, 2020 unauthorized third-parties gained access to certain Artech information systems with the apparent intent of conducting a ransomware attack (the "Cyber Security Event"). Within six hours after the Cyber Security Event was detected by Artech IT personnel on January 8, 2020, all Artech information systems were shut down, and critical systems were rebuilt from uncorrupted backup data, which terminated the unauthorized third-parties' ability to access Artech's systems. Along with a large volume of other data, the systems affected by the Cyber Security Event contained a number of files with Personal Information associated with approximately 30,000 current and former Artech employees. Subsequent third-party forensic analysis did not reveal evidence that the files containing Personal Information were opened, accessed, or exfiltrated from Artech's systems; however, the files containing Personal Information were accessible to the unauthorized third parties during the Cyber Security Event.

WHEREAS, Artech denies: (a) the allegations and all liability with respect to any and all facts and claims alleged in the Action; (b) that the class representatives in the Action and the class they purport to represent have suffered any damage; and (c) that the Action satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23.

WHEREAS, the Parties agreed to exchange early-stage informal discovery and agreed to engage Hon. Edward Infante (Ret.) as a mediator to oversee settlement negotiations in this Action. In advance of formal mediation, Artech provided certain discovery, including technical information regarding the Cyber Security Event compiled and reported by a third-party data-security forensic investigator. The Parties also exchanged detailed mediation briefs with their respective positions on the merits of the claims and class certification.

WHEREAS, the Parties participated in good faith, arm's length settlement negotiations during a day-long mediation with Judge Infante via videoconference on June 28, 2021, through which the basic terms of the settlement were negotiated.

NOW, THEREFORE, in exchange for the mutual promises and valuable consideration provided for in this Agreement, and without any admission or concession by either Party, the Parties agree to a full, complete, and final settlement and resolution of the Action, subject to Court approval, on the following terms and conditions:

## I.   **DEFINITIONS**

In addition to terms defined at various points within this Agreement, the following defined terms shall have the meanings set forth below:

1.      "Action" means the class action lawsuit captioned Poling et al. v. Artech L.L.C, Case No. 3:20-cv-07630, currently pending before the Honorable Laurel Beeler in the U.S. District Court for the Northern District of California.

2.      "Approved Claim" means the timely submitted Claim Form by a Participating Settlement Member that has been approved by the Settlement Administrator.

3.      "Artech's Counsel" means Jesse A. Boyd of Ericksen Arbuthnot.

4.      "Claim Form" or "Claim" means the form(s) Settlement Class Members must submit to become Participating Class Members and eligible to receive the relief as provided for in Section II below.

5.      "Claims Deadline" means the last day to submit a timely Claim Form(s), which will occur ninety (90) days after the Notice Deadline.

6.      "Claims Period" means the period of time during which Settlement Class Members may submit Claim Forms to receive Settlement benefits, which will end on the Claims Deadline.

7.      "Class Counsel" means William B. Federman of Federman & Sherwood.

8.      "Settlement Class Representatives" means Brigid Poling and Dwight Jenkins.

9.      "Court" means the Honorable Laurel Beeler, United States District Judge, Northern District of California, or such other judge to whom the Action may hereafter be assigned.

10.      "Cyber Security Event" means the unauthorized access to Artech information systems by third-party actors and associated attempted ransomware attack occurring between January 5, 2020 and January 8, 2020.

11.      "Effective Date" means one business day following the latest of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order and Judgment or one (1) business day following entry of the Final Approval Order and Judgment if no parties have standing to appeal; or (ii) if any appeal, petition, request for rehearing, or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing, or other review is pending, and the time for further appeals, petitions, requests for rehearing, or other review has expired.

12.      "Fee Application" means any motion for an award of attorneys' fees, Litigation Costs and Expenses, and Service Award Paymentsas set forth in Paragraphs 72 and 74.

13.     "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of Litigation Costs and Expenses awarded by the Court to Class Counsel.

14.     "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Action with prejudice, otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23, and is consistent with all material provisions of this Settlement Agreement. Class Counsel and Artech's Counsel will work together on a proposed Final Approval Order and Judgment, which Artech must approve before filing.

15.     "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

16.     "Litigation Costs and Expenses" means costs and expenses incurred by counsel for Plaintiffs in connection with commencing, prosecuting, and settling the Action.

17.     "Notice" means notice of the proposed class action Settlement to be provided to Settlement Class Members pursuant to the Preliminary Approval Order, substantially in the form attached hereto as Exhibit 1.

18.     "Notice Deadline" means the last day by which Notice must issue to the Settlement Class Members and will occur thirty (30) days after entry of the Preliminary Approval Order.

19.     "Notice and Administrative Expenses" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, locating Settlement Class Members, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Settlement Class Members, and reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.  Notice and Administrative Expenses does not include attorneys' fees or costs incurred by Settlement Class Representatives or Class Counsel related to the Action or this Agreement.

20.     "Objection Deadline" is the last day on which a Settlement Class Member may file an objection to the Settlement or Fee Application, which will be forty (40) days after the Notice Deadline.

21.     "Opt-Out Deadline" is the last day on which a Settlement Class Member may mail a request to be excluded from the Settlement Class, which will be forty (40) days after the Notice Deadline.

22.     "Out-of-Pocket Losses" means documented out-of-pocket costs or expenditures that a Participating Settlement Class Member actually incurred between January 5, 2020 and the

Notice Deadline that are fairly traceable to the Cyber Security Event, and that have not already been reimbursed by a third party. Out-of-Pocket Losses may include, without limitation: costs associated with credit monitoring or identity theft insurance purchased directly by the claimant, provided that the product was purchased primarily as a result of the Cyber Security Event; costs associated with requesting a credit report, provided that the claimant requested the report primarily as a result of the Cyber Security Event; costs associated with a credit freeze, provided that the claimant requested the freeze primarily as a result of the Cyber Security Event; costs associated with cancelling a payment card and/or obtaining a replacement payment card, provided that the claimant's request for the cancellation and/or replacement was primarily the result of the Cyber Security Event; costs associated with closing a bank account and/or opening a new bank account, provided that the claimant's request to close and/or open a bank account was primarily the result of the Cyber Security Event; postage, long-distance phone charges, express mail and other incidental expenses, provided that the claimant provides documentation of the charges and that they were fairly traceable to the Cyber Security Event; overdraft and/or overdraft protection fees, provided that the fees were incurred as a result of the Cyber Security Event; late and/or missed payment fees and/or charges, provided that the fees and/or charges were incurred as a result of the Cyber Security Event; the increase in interest on credit cards or other loans caused by a late or missed payment that was a result of the Cyber Security Event; and damage to credit and costs associated with a decreased credit score if fairly traceable to the Cyber Security Event.

23.     "Participating Settlement Class Member" means a Settlement Class Member who submits a Claim Form on or prior to the Claim Deadline and does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

24.     "Personal Information" means personally identifiable information, including but not limited to, full name, date of birth, Social Security number, physical and email addresses, and/or phone numbers, and shall have the same meaning as set forth in the data privacy laws in the states in which Settlement Class Members reside, unless preempted by federal law.

25.     "Preliminary Approval Order" means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2), and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment that is consistent with all material provisions of this Settlement Agreement. Class Counsel and Artech's Counsel will work together on a proposed Preliminary Approval Order, which Artech must approve before filing.

26.     "Released Claims" means any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, statutory, regulatory, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had, have or may claim now or in the future to have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that were or could have been asserted or alleged arising out of the same nucleus of operative facts as any of the claims alleged or asserted in the Action, including but not limited

to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged, argued, raised or asserted in any pleading or court filing in the Action, including but not limited to those concerning: (1) the accessibility, access, or disclosure of the Settlement Class Members' Personal Information in the Cyber Security Event; (2) Artech's maintenance of Settlement Class Members' Personal Information as it relates to the Cyber Security Event; (3) Artech's information security policies and practices as they relates to the Cyber Security Event; or (4) Artech's provision of notice to Settlement Class Members following the Cyber Security Event.

27.     "Request for Exclusion" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

28.     "Service Award Payment" means compensation awarded by the Court and paid to the Settlement Class Representatives in recognition of their role in this litigation.

29.     "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

30.     "Settlement Administrator" means KCC Class Action Services, LLC. Class Counsel and Artech's Counsel may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

31.     "Settlement Class" means all persons in the United States and Overseas Military identified on the Settlement Class List, including all individuals who were sent notification by Artech that their Personal Information may have been accessible during the Cyber Security Event. Excluded from the Settlement Class are (i) Defendant's trustees, administrators, and attorneys; (ii) all Settlement Class Members who timely and validly request exclusion from and opt-out of the Settlement Class; (iii) the Magistrate Judge to whom the action is assigned and any member of the Magistrate Judge's staff or immediate family members; (iv) any members or employees of defense counsel; and (v) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Cyber Security Event or who pleads *nolo contendere* to any such charge.

32.     "Settlement Class List" means the list generated by Artech containing the full names and current or last known addresses for all persons who fall under the definition of the Settlement Class, which Artech shall provide to the Settlement Administrator within twenty-one (21) days of the Preliminary Approval Order.

33.     "Settlement Class Member" means an individual who falls within the definition of the Settlement Class.

34.     "Settlement Payment" or "Settlement Check" mean the payment to be made via mailed check and/or electronic payment to a Participating Settlement Class Member pursuant to Section IV of this Agreement.

35.     "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the mailing of the Notice, as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, the Notice, this Agreement, Plaintiffs' motion for preliminary approval of the Settlement, the Preliminary Approval Order, Plaintiffs' Fee Application, and the operative complaint in the Action. The Settlement Website shall also include a toll-free telephone number, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least sixty (60) days after all Settlement Payments have been distributed.

36.     "Tier One Compensation" means such compensation and relief available subject to the terms stated in Paragraph 39 below.

37.     "Tier Two Compensation" means such compensation and relief available subject to the terms stated in Paragraph 40 below, including subparagraphs.

## II.     RELIEF AVAILABLE TO PARTICIPATING SETTLEMENT CLASS MEMBERS

38.     **Identity Theft Protection for Participating Settlement Class Members:** All Participating Settlement Class Members shall have until three (3) months following the Final Approval Hearing to request access or extension of their access to credit monitoring and identity protection services through Kroll paid for by Defendant for a period of three (3) years after their actual enrollment or the Claims Deadline, whichever is later.

39.     **Tier One Compensation:** Participating Settlement Class Members who have not, as of the time they submit their Claim Form to the Settlement Administrator, submitted evidence that they experienced identity theft or other fraud or misuse of their Personal Information fairly traceable to the Cyber Security Event shall be entitled to receive compensation for lost time up to three (3) hours at the rate of $26.67 per hour (not to exceed $80.00), provided that the claimant submits to the Settlement Administrator documentation or attestation establishing more-likely-than-not as determined by the Settlement Administrator that the time was spent addressing the Cyber Security Event.  Tier One Compensation shall not include time spent preparing or submitting Claim Forms or associated documentation.

40.     **Tier Two Compensation:** Participating Settlement Class Members who show that they have suffered injuries as a result of identity theft or other fraud or misuse of their Personal Information fairly traceable to the Cyber Security Event, and who provide reasonable documentation of unreimbursed Out-of-Pocket Losses in connection with the Cyber Security Event, shall be entitled to receive Tier One Compensation, and in addition cash payments equal to their Out-of-Pocket Losses up to $10,000.00. Tier Two Compensation shall not include time, costs or losses associated with preparing or submitting Claim Forms or associated documentation. Submitted evidence supporting a Claim for Tier Two Compensation must establish to the satisfaction of the Settlement Administrator that:

a. The loss is an actual, documented, and unreimbursed monetary loss as shown by (i) third party documentation supporting the loss; and (ii) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Third-party documentation can include receipts or other documentation not "self-prepared" by the Participating Settlement Class Member that documents the costs incurred. Self-prepared documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

b. The loss was more-likely-than-not caused by identity theft or other fraud or misuse of their Personal Information fairly traceable to the Cyber Security Event.

c. The loss occurred after January 5, 2020.

d. The Settlement Class Member made reasonable efforts to avoid or seek reimbursement for the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

## III.   ASSESSING CLAIMS; DISPUTES

41.      **Assessing Claims for Tier One Compensation**. The Settlement Administrator shall verify that each person who submits a Claim Form seeking Tier One Compensation is a Settlement Class Member.  The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award Tier One Compensation but may consult with Class Counsel in making individual determinations. The Settlement Administrator is authorized to contact any Participating Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a Claim prior to making a determination as to its validity.

42.      **Assessing Claims for Tier Two Compensation**. The Settlement Administrator shall verify that each person who submits a Claim Form seeking Tier Two Compensation is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent the information and documentation submitted with a Claim Form reflects valid Out-of-Pocket Losses that were more-likely-than-not caused by identity theft or other fraud or misuse of a Participating Settlement Class Member's Personal Information attributable to the Cyber Security Event, but may consult with Class Counsel in making individual determinations. In assessing Claims for Tier Two Compensation, the Settlement Administrator will consider (i) whether it is more-likely-than-not actual identity theft or fraud actually occurred; (ii) whether the timing of the claimed Out-of-Pocket Losses occurred on or after January 5, 2020; (iii) whether the Personal Information used to commit identity theft or fraud consisted of the type of Personal Information identified in Artech's notices of the Cyber Security Event; and (iii) whether the evidence submitted establishes that the claimed Out-of-Pocket Losses were more-likely-than-not caused by the Cyber Security Event rather than use of claimants Personal Information obtained by other means. The Settlement Administrator is authorized to contact any Participating Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a Claim Form prior to making a determination as to its validity.

43. **Disputes**. To the extent the Settlement Administrator determines a claim for Tier One Compensation or Tier Two Compensation is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Participating Settlement Class Member of the deficiencies and give the Participating Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the Participating Settlement Class Member did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Participating Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Participating Settlement Class Member of that determination within ten (10) days of the determination. The Settlement Administrator may consult with Class Counsel in making such determinations.

## IV.   PAYMENTS ON APPROVED CLAIMS

44. **Payment Timing**. Payments for Approved Claims for Tier One Compensation and Tier Two Compensation shall be issued in the form of an electronic payment or a check mailed as soon as practicable after the allocation and distribution of funds are determined by the Settlement Administrator following the Effective Date.

45. **Timing**. Settlement Checks shall bear in the legend that they expire if not negotiated within ninety (90) days of their date of issue. If a Settlement Check is not cashed within sixty (60) days after the date of issue, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Participating Settlement Class Member reminding him/her of the deadline to cash such check.

46. **Returned Checks**. For any Settlement Check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Participating Settlement Class Member to obtain updated address information. Any replacement Settlement Checks issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

47. **Uncashed Checks**. To the extent that a Settlement Check is not cashed within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Participating Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Participating Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing a check or mailing the Participating Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued check. Any reissued Settlement Checks issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

48.    **Deceased Class Members**. If the Settlement Administrator is notified that a Participating Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue the Settlement Check to the Participating Settlement Class Member's estate upon receiving proof the Participating Settlement Class Member is deceased and after consultation with Class Counsel.

## V.    CLAIMS, CAPS, AND DISTRIBUTION OF SETTLEMENT FUNDS

49.    **Submission of Electronic and Hard Copy Claims**. Settlement Class Members may submit Claim Forms to the Settlement Administrator electronically via a claims website or physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. Artech shall not be entitled to access information regarding which Settlement Class Members submitted a Claim Form or otherwise participated in the Settlement.

50.    **Individual Caps**. Participating Settlement Class Members are subject to individual aggregate caps of $80.00 for Tier One Compensation, and $10,000.00 for Tier Two Compensation.

## VI.    BUSINESS PRACTICE COMMITMENTS

51.    **Business Practice Commitments**. Artech, having engaged a third-party cybersecurity consultant, agrees to adopt, implement, and/or continue certain business practices set forth below ("Business Practice Commitments") for a period of at least three (3) years following the Effective Date. These Business Practice Commitments are designed to maintain Artech's security posture, and to provide protection against threats now and in the future, specifically with respect to current and former employee and job applicant Personal Information, and include the following:

a.    Defendant has conducted baseline penetration testing through a well-established third-party IT security vendor, and will continue to conduct substantially-equivalent penetration testing at least annually.  Defendant has included sufficient funds in its IT security budget to accomplish annual penetration testing as outlined in this subparagraph for 2021, and will reauthorize sufficient funds in its IT budget for each subsequent year through 2024 to utilize the same or any comparably-priced improved testing technology as may be available.

b.    Defendant shall continue to ensure that anti-malware software resides on all its servers, and that its VPN appliance is updated as soon as practicable after security updates become available, but in no instance less often than monthly.

c.    Defendant is implementing a company-wide encryption protocol wherein all Personal Information is segregated by its employees and encrypted daily.

d.    Defendant is testing its IT security for NIST compliance, and has achieved compliance with many NIST requirements, with the remainder to be addressed through SIEM

software.  Defendant will provide a declaration or certification of such compliance on or before December 21, 2022.

e.   Defendant is currently evaluating several Security Information and Event Management ("SIEM") software options, and shall deploy SIEM software on or before December 31, 2022.

f.   Defendant currently provides IT security and Personal Information training to all of its personnel during onboarding, and on a quarterly basis thereafter, which will continue.   This training includes directions about how to handle suspicious communications and documents, and encourages personnel to report any concerns about Defendant's information security systems.

g.   Defendant has developed and implemented a formal written Personal Information policy, which it will continue to maintain with appropriate updates.

h.   Defendant is developing a suite of testing and auditing tools through a third-party vendor designed to locate Personal Information located outside Defendant's encrypted environment, which will be implemented on or before December 31, 2021.  Defendant shall provide to the Court a certification from its third-party vendor that all Personal Information located during the auditing process has been either destroyed or moved to Defendant's encrypted environment.

i.   Defendant shall continue to provide employees and former employees a means requesting their Social Security numbers and dates of birth be deleted after such information is no longer needed to fulfill Defendant's corporate mission, and will delete such information upon request.

52.    **Modification and Costs**. The Parties acknowledge that technical requirements for securing information evolve and change dynamically. In the event that technological or industry developments, or intervening changes in law or business practices, render specific Business Practice Commitments obsolete or make compliance by Artech with them unreasonable or technically impractical, Artech may modify its business practices as necessary to ensure appropriate security practices are being followed. For each of the next three years on or before the anniversary of the Effective Date, Artech will confirm in writing to Class Counsel that it is in compliance with its obligations under this Paragraph 52 and the previous Paragraph 51. All costs associated with implementing the Business Practice Commitments will be borne by Artech separate and apart from the Settlement Fund.

53.    **Enforcement**. Within 14 days after the entry of the Preliminary Approval Order Artech will provide to Class Counsel a declaration attesting to the Business Practice Commitments. Such declaration shall be treated as confidential and cannot be used for any purpose other than enforcement of this Settlement Agreement. If at any time Class Counsel has information indicating Artech is not complying with its Business Practice Commitments, the Parties are required to meet and confer to discuss the issue prior to seeking Court intervention. To the extent Court intervention is required, the Parties agree to cooperate in seeking the Court's permission to file the declaration

attesting to the Business Practice Commitments and any discussion of the Business Practice Commitments under seal.

## VII.   SETTLEMENT CLASS NOTICE

54.   **Notice**. Within twenty-one (21) days after the date of the Preliminary Approval Order, Artech shall provide the Settlement Class List to the Settlement Administrator. Within seven (7) days after receipt of Settlement Class List, the Settlement Administrator shall disseminate Notice to Settlement Class Members on the Settlement Class List. Notice shall be disseminated via U.S. mail to all Settlement Class Members.  Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members at any time prior to the Claims Deadline.

## VIII.   OPT-OUTS AND OBJECTIONS

55.   **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than forty (40) days after the Notice Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement at the top of the communication that the individual does not wish to participate in the Settlement. Artech has not waived, and shall retain, any and all legal and equitable defenses and arguments with regard to Settlement Class Members who opt-out of the Settlement, including, without limitation, any contractual provisions related to arbitration of disputes.  The Notice must state that any Settlement Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

56.   **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee Application by submitting written objections to the Court no later than forty (40) days after the Notice Deadline. The written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

## IX.   DUTIES OF THE SETTLEMENT ADMINISTRATOR

57.   **Duties of Settlement Administrator**. The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

a. Creating, administering, and overseeing the Settlement Fund;

b. Obtaining the Settlement Class List from Artech for the purpose of disseminating Notice to Settlement Class Members;

c. Providing Notice to Settlement Class Members via U.S. mail and e-mail;

d. Establishing and maintaining the Settlement Website;

e. Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and with a live operator available to answer the questions of Settlement Class Members who call during business hours, or otherwise communicate with Settlement Class Member making such inquiries within one (1) business day;

f. Responding to any mailed or emailed Settlement Class Member inquiries within a reasonable amount of time, but no later than five (5) business days;

g. Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

h. Receiving Requests for Exclusion from Settlement Class Members and providing Class Counsel and Artech's Counsel a copy thereof no later than three (3) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion or other requests from Settlement Class Members after the Opt-Out Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel;

i. After the Effective Date, processing and transmitting Settlement Payments to Settlement Cass Members;

j. Providing weekly or other periodic reports to Class Counsel and Artech's Counsel that include information regarding the number of Settlement Checks mailed and delivered, Settlement Checks cashed, undeliverable information, and any other requested information relating to Settlement Payments. The Settlement Administrator shall also, as requested by Class Counsel or Artech's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

k. In advance of the Final Approval Hearing, preparing a sworn declaration to submit to the Court that: (i) attests to implementation of Notice in accordance with the

Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a Request for Exclusion; and

l.   Performing any function related to Settlement administration at the agreed-upon instruction of Class Counsel or Artech's Counsel, including, but not limited to, verifying that Settlement Payments have been distributed.

58.   **Limitation of Liability**. The Parties, Class Counsel, and Artech's Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of any Settlement Payment; (iii) the formulation, design or terms of the disbursement of any Settlement Payment; (iv) the determination, administration, calculation or payment of any claims asserted pursuant to this agreement; or (v) the payment or withholding of any Taxes and Tax-Related Expenses.

59.   **Indemnification**. The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, and Artech's Counsel for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the dissemination of the Notice and the administration of the Settlement; (ii) the formulation, design or terms of the disbursement of Settlement Payments; (iii) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (v) the payment or withholding of any Taxes and Tax-Related Expenses.

## X.   PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

60.   **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date.

61.   **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of the settlement on or before July 28, 2021 or a date thereafter that is agreeable to the Parties.

62.   **Final Approval**. Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least 90 days after the appropriate government officials are notified of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

63.   **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement

and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## XI.   MODIFICATION AND TERMINATION

64.   **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

65.   **Decertification of the Settlement Class if Settlement Not Approved.** If: (1) the Court does not issue the Preliminary Approval Order or Final Approval Order and Judgment; or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Artech reserves the right to contest class certification for all other purposes. Any orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition, the fact that Artech did not oppose certification of a class under the Settlement shall not be used or cited thereafter by any person or entity, including in a contested proceeding relating to class certification.

66.   **Termination**. Settlement Class Representatives and Artech shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice") within seven (7) days of: (1) the Court's refusal to issue the Preliminary Approval Order; or (2) within fourteen (14) days of any of the following: (i) the Court's refusal to enter the Final Approval Order and Judgment, (ii) the date upon which the Final Approval Order and Judgment is modified or reversed in any material respect by any appellate or other court, or (iii) being notified by the Claims Administrator that more than three hundred fifty (350) Settlement Class Members have submitted a timely Request for Exclusion.

67.   **Effect of Termination**. In the event of a termination, this Agreement and the Settlement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement or the Settlement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

## XII.   RELEASES

68.   **The Release**. Upon the Effective Date, and in consideration of the Settlement benefits described herein, each of the Settlement Class Representatives and Settlement Class

Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns shall be deemed to have released, acquitted, and forever discharged any and all Released Claims against Artech.

69.    **Unknown Claims**. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that any of the Settlement Class Representatives or Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns does not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release Artech and its present and former predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past and present officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, advisors, consultants, representatives, insurers, reinsurers, subrogees and the predecessors, successors, and assigns of any of the foregoing or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Settlement Class Representatives and Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, each of the Settlement Class Representatives and Class Counsel acknowledge, and Settlement Class Members by operation of law shall be deemed to have acknowledged, that they and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. The Settlement Class Representatives acknowledge, and Settlement Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

70.    **Release of Class Representatives and Class Counsel**. Upon the Effective Date, Artech and its representatives, officers, agents, directors, affiliates, employees, insurers, and attorneys shall be deemed to have released, acquitted, and forever discharged the Settlement Class Representatives and Class Counsel from any and all claims or causes of action of every kind and

description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the Action, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or this Agreement).

71. **Bar to Future Suits.** Upon entry of the Final Approval Order and Judgment, the Settlement Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. Likewise, Artech and its representatives, officers, agents, directors, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Settlement Class Representatives and Class Counsel or based on any actions taken by Settlement Class Representatives and Class Counsel that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## XIII.   SERVICE AWARD PAYMENTS

72. **Service Award Payments**. At least thirty-five (35) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee Application that will include a request for Service Award Payments for the Settlement Class Representatives in recognition for their contributions to this Action. Artech agrees not to oppose Class Counsel's request for a service award not to exceed $2,500.00 per Class Representative. Artech or the Settlement Administrator will pay the Service Award Payments separate and in addition to the relief provided to Settlement Class Members. Such Service Award Payments shall be paid in the amount approved by the Court no later than three (3) days after the Effective Date.

73. **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the Service Award Payments in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## XIV.  ATTORNEYS' FEES, COSTS, EXPENSES

74. **Attorneys' Fees and Costs and Expenses**. At least thirty-five (35) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee Application for an award of attorneys' fees and Litigation Costs and Expenses to be paid by Defendant. Artech agrees not to oppose Class Counsel's request for an award of attorneys' fees not to exceed $350,000.00. Prior to the disbursement or payment of the Fee Award and Costs under this Agreement, Class Counsel shall provide to Artech and the Settlement Administrator a properly completed and duly executed

IRS Form W-9. Fee Award and Costs (plus any interest accrued thereon) shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than three (3) days after the Effective Date.

75.   **Allocation**. Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs among Plaintiffs' counsel and any other attorneys for Plaintiffs. Artech shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

76.   **Notice and Administrative Expenses.**  Notice and Administrative Expenses shall be paid by Defendant.

## XV.   <u>NO ADMISSION OF LIABILITY</u>

77.   **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

78.   **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Artech in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XVI.   <u>MISCELLANEOUS</u>

79.   **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

80.   **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties regarding the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

81.   **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

82.     **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

83.     **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

84.     **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other in good faith prior to seeking Court intervention.

85.     **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

86.     **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

87.     **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:


William B. Federman
Federman & Sherwood
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
wbf@federmanlaw.com


All notices to Artech provided for herein, shall be sent by overnight mail and email to:

Jesse A. Boyd
Ericksen Arbuthnot
2300 Clayton Road
Suite 350
Concord, CA 94520
jboyd@ericksenarbuthnot.com


The notice recipients and addresses designated above may be changed by written notice.

88.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all the terms and provisions of this Agreement.

By: _____     Date: __August 3, 2021____
Jesse A. Boyd
ERICKSEN ARBUTHNOT

*Counsel for Defendant Artech, L.L.C.*

By: _____     Date: ___8/3/2021_____
William B. Federman
FEDERMAN & SHERWOOD

*Counsel for Plaintiffs and the Settlement Class*